## Kitchen, Appellant, *v.* Hartranft et ux.

Argued March 7, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Hervey B. Smith,* for appellant.

*R. S. Hemingway,* with him *J. Atlee Cryder* and *Ralph R. John,* for appellees.

OPINION BY KELLER, P. J., April 13, 1938:

Allen Kitchen, the claimant, was employed as a laborer by Wayne M. Hartranft and Lois R. Hartranft, his wife, in their poultry business at Millville, Pa. The Hartranfts owned an old mill building. They used all of it in their business, except a portion of the first floor which was rented to Doyle A. Greenly, who had installed in the part leased by him a circular saw, wood planers and other woodworking machinery. The Hartranft employees had no business in Greenly's woodworking establishment. It formed no part of their employers' 'premises', within the meaning of the Workmen's Compensation Act. The term 'premises' is more restricted than 'property'.

On April 10, 1936, while operating a buzz saw in the Greenly establishment claimant suffered the loss by amputation of the thumb and index finger of his left hand. His claim for compensation was disallowed by the referee. On appeal to the Board, the findings of fact, conclusions of law and order of dismissal were affirmed. The court of common pleas affirmed the order of the Board. Our province on appeal is to determine whether

there is evidence to sustain the findings of the referee, as approved by the Board, and whether upon such findings the law has been properly applied in the conclusions disallowing compensation.

The evidence in the record sustains the following findings of fact of the referee, approved by the Board: "4. On [April 10, 1936] while operating a buzz saw for the purpose of cutting wooden sticks to be used as chicken-roosts, the claimant suffered the loss of the thumb and index finger of his left hand which thumb and finger were completely severed from the hand by the buzz saw and surgical amputation. 5. The property whereon the accident happened was owned by the defendants, but the portion or space of the premises where the buzz saw was located was leased and rented and used by Doyle A. Greenly, who occupied the said portion of the premises for the manufacture of lollypop sticks. The buzz saw and other machinery in said space or portion of the premises were the personal property of said Greenly. 6. The premises were posted with notices which forbade trespassing and the claimant had been warned by Greenly and by the defendants not to trespass upon the Greenly space or portion of the premises for the purpose of operating or using the buzz saw or other machinery therein placed. 7. From the testimony we find that the claimant suffers the loss of the thumb and index finger of his left hand as the result of an accident but we must also find that such accident was sustained upon the premises of Doyle A. Greenly whereon the claimant was a trespasser at the time and while he was operating the buzz saw of said Greenly against the expressed warnings and posted notices of Greenly and in disobedience to the explicit instructions of his employers, the defendants."

In our opinion the referee's conclusions of law, approved by the Board, legally and naturally follow: "2. That at the moment of the accident the claimant was a

trespasser upon the premises and at the buzz saw of Greenly; that he had thereupon abandoned the course of his employment, and that the injuries he suffered were, therefore, not sustained in the course of his employment with the defendants. 3. That the claimant is not entitled to compensation under the provisions of the Compensation Act."

From the findings of fact, which are supported by the evidence, it appears that the claimant was not injured on the premises of his employers; and that when injured he was not engaged in the furtherance of the business or affairs of his employers, but was a trespasser, and doing what he had been forbidden to do. He had no business to be where he was when hurt and was not doing what he had been directed to do. He had taken himself out of the course of his employment when hurt and was not entitled to compensation for his injuries. In the cases relied upon by the appellant, in which the claimant was awarded compensation for an injury received while doing an act in violation of his employer's orders, he was hurt while on the premises of his employer, in the restricted sense of that term.

Judgment affirmed.